IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**THADDIUS DWIGHT SMITH**                                                                           **PLAINTIFF**

**v.**                                     **No. 3:16-CV-00156-DPM-JTK**

**NANCY A. BERRYHILL,**
**Acting Commissioner,**
**Social Security Administration**                                                                   **DEFENDANT**

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## REASONING FOR RECOMMENDED DISPOSITION

Thaddius Smith applied for social security disability benefits with an amended alleged onset date of November 27, 2011. (R. at 37–38). After a hearing, the administrative law judge (ALJ) denied his application. (R. at 20). The Appeals Council denied Smith's request for review. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, and Smith has requested judicial review.

For the reasons stated below, the magistrate judge recommends reversing and remanding the Commissioner's decision.

**I.**     **The Commissioner's Decision**

The ALJ found that Smith had the severe impairments of gout, diabetes mellitus, peripheral vascular disease, hypertension, depression, and anxiety. (R. at 12). The ALJ found that these impairments left Smith with the residual functional capacity (RFC) to perform medium work, except that he can only occasionally climb, balance, stoop, bend, crouch, kneel, and crawl; must be limited to interpersonal contact that is incidental to the work performed; is limited to work where the complexity of tasks is learned and performed by rote, with few variables and little judgment; and requires supervision that is simple, direct, and concrete. (R. at 14). The ALJ took testimony from a vocational expert (VE) and determined that Smith could not return to his past relevant work. (R. at 18). The VE testified that Smith's RFC would allow him to perform other jobs such as hospital cleaner or hand packer. (R. at 20). The ALJ therefore held that Smith was not disabled. (R. at 20).

## II.   Discussion

The Court is to affirm the ALJ's decision if it is not based on legal error and is supported by "substantial evidence in the record as a whole," which is more than a scintilla but less than a preponderance. *Long v. Chater,* 108 F.3d 185, 187 (8th Cir. 1997). The Court considers evidence supporting and evidence detracting from the Commissioner's decision, but it will not reverse simply because substantial evidence could support a different outcome. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).

Smith posits four errors. He first contends that the ALJ erred in determining his RFC. He next argues that the ALJ improperly weighed the opinions of treating medical providers. He also maintains that the VE's testimony is not supported because it was founded upon an incomplete hypothetical. Finally, Smith argues that the ALJ failed to

apply the doctrine of collateral estoppel. As the undersigned finds that collateral estoppel applies, it is not necessary to reach Smith's other arguments.

In a prior disability determination, an ALJ held that Smith had the RFC to perform light work but must be able to alternate between sitting and standing on an occasional basis. (R. at 76). This decision was dated October 6, 2011, just over a month prior to the amended onset date of November 27, 2011. (R. at 82). Smith maintains that the ALJ was bound by this previous determination.

Collateral estoppel prohibits the retrial of a factual issue that has been previously decided, and this doctrine applies in social security cases. 20 C.F.R. § 404.950(f), *Gavin v. Heckler,* 811 F.2d 1195, 1200 (8th Cir. 1987) (citing *Univ. of Tennessee v. Elliott*, 478 U.S. 788, 797–99, 106 S. Ct. 3220, 3225–26, 92 L. Ed. 2d 635 (1986)). Smith cites to a Sixth Circuit case with facts similar to those here. In that case, the Sixth Circuit held that—absent evidence of medical improvement—an ALJ is collaterally estopped from redetermining a claimant's RFC if established in a prior decision. *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997).

The Commissioner does not argue that Smith has experienced medical improvement. The Commissioner's only argument is that the ALJ is not bound by a prior determination. The Commissioner cites to *Ply v. Massanari*, 251 F.3d 777, 779 (8th Cir. 2001) in support of this position. *Ply*, however, concerns a far different situation. *Ply* concerned a redetermination case and a finding of medical improvement. *Id.* at 778–79. Further, the Commissioner asserts, in arguing against one of Smith's other points, that Smith is barred by *res judicata* from using evidence from a prior hearing. The Commissioner's positions on these issues are inconsistent, and the Commissioner cannot be exempt from doctrines that Smith would be held to.

There was not a finding of medical improvement in this case. In fact, the current decision identifies additional severe impairments not identified by the first ALJ. (*compare* R. at 12 and R. at 74). A review of the medical records does not indicate that Smith's conditions have improved since the prior decision. The records indicate some worsening and new problems, however, such as fatty liver, hearing loss, an inability to walk on toes, mild limitations in walking/standing, and mental impairments. (R. at 300, 304–05, 451–52, 488–89). This brings the present case more in line with *Drummond*. 126 F.3d at 843. Therefore, the ALJ was estopped from finding a less restrictive RFC.

### III.   Recommended Disposition

The ALJ failed to properly apply the doctrine of collateral estoppel. The ALJ's decision is therefore not supported by substantial evidence on the record as a whole. For these reasons, the undersigned magistrate judge recommends REVERSING and REMANDING the decision of the Commissioner with instructions to develop the record as necessary and to evaluate the case in the light of a proper application of collateral estoppel.

Dated this 11th day of May 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE